IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MISC. ACTION NO. 14-0008-KD-M |
| | ) | |
| UNIFIED RECOVERY GROUP, LLC, | ) | |
| *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the Application for Charging Order pursuant to Ala. Code §10A-5-6.05, against Jeff S. Green filed by Plaintiff SE Property Holdings, LLC (Seph) (doc. 85). Seph alleges that Defendant Green has not satisfied the final judgment and therefore, it is necessary to obtain a charging order against his interests in certain limited liability companies.

On or about September 27, 2013, judgment was rendered by the United States District Court for the Middle District of Louisiana in favor of Seph and against Green and other co-defendants. The judgment was registered in this District on March 27, 2014 by filing a certified copy of the judgment (Doc.1).[1] The principal judgment amount was $23,626,922.31, plus interest as of November 5, 2012, in the amount of $2,784,717.10; with post-judgment interest at a rate of 8% per annum on $16,666.85 of the judgment, a per diem of $3.65; and with post-

---

[1] Title 28 U.S.C. § 1963 provides for "[r]egistration of judgment for enforcement in other districts" and states that a judgment of district court "may be registered by filing a certified copy of the judgment in any other district[.]" *Id.* "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.*

judgment interest at a rate of 18% per annum on $23,610,255.46, of the judgment ($23,626,922.31-$16,666.85), and a per diem of $11,643.41. Additional interest continues to accrue on the judgment.

Federal Rule of Civil Procedure 69(a)(1) provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

Seph represents that Green has a membership interest in the following Alabama limited liability companies: Placid Drive, LLC; Ashford Park, LLC; Catahoula Trading Company, LLC; Greenwings, LLC; G-Mc Aviation, LLC; Go Development, LLC; Green & Sons, LLC; Green & Sons II, LLC; Hawks Eye, LLC; J-Max, LLC; LBG, LLC; and Unified Recovery Group, LLC. Seph also alleges that Green has a membership interest in the following Louisiana limited liability companies: IED, LLC; Enon, LLC; SGG Properties, LLC; Mill Creek Farm, LLC; and 631 Main, LLC.

Under the Alabama Limited Liability Company Law,[2] "[o]n application to a court of competent jurisdiction by any judgment creditor of a member or assignee, the court may charge the interest of the member or assignee with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of financial rights." Ala.Code § 10A–5–6.05(a) (repealed effective Jan. 1, 2017). Section 10A–5–6.05 "shall be the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest." *Id*.

---

[2] Ala. Code § 10A-5-1.01, *et seq.*

Upon consideration, the Court finds that Seph's Application for Charging Order under Ala. Code § 10A-5-6.05 against the interests of Jeff S. Green is due to be granted unless the Defendants present valid authority indicating otherwise.[3] Accordingly, Seph's Application (doc. 85) is **GRANTED**, without further action by the Court, **unless the Defendants file an objection** to Seph's Application (doc. 85) **on or before November 21, 2014.**

A separate Charging Order to effectuate the decision in this memorandum order will be entered contemporaneously herewith; it is further **ORDERED** that the Charging Order will become effective **November 26, 2014,** without further action by the Court unless an objection is filed, *see infra,* and the Court rescinds the Charging Order.

**DONE** and **ORDERED** this 12th day of November 2014.

    s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] This Court has previously issued charging orders under this statute in other actions. *See Parke v. Glover,* Civil Action No. 2:11-00639-KD-M, 2014 WL 1577509 (S.D. Ala. Apr. 21, 2014); *Scottsdale Ins. Co. v. Mitchell Co.*, Civil Action No. 11-00578-N, 2013 WL 5745839 (S.D. Ala. Oct. 23, 2013) (Nelson, M.J.); *Regions Bank v. Stewart,* Civil Action No. 10-0145-M, 2011 WL 1827453 (S.D. Ala. May 10, 2011) (Milling, M.J.); *Vision Bank v. Swindall*, Civil Action No. 09-00442-CG-M (S.D. Ala. April 3, 2012 (Doc. 108); November 30, 2010 (Doc. 71); December 4, 2012 (Doc. 111)). Other federal courts have done so as well under the state statutes of their respective jurisdictions. *See Scottsdale Ins.*, 2013 WL 5745839, at n.2 (citing cases).