IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SE PROPERTY HOLDINGS, LLC,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * MISC. ACTION 1:14-mc0008-KD-M |
| | * |
| **UNIFIED RECOVERY GROUP, LLC,** et al., | * |
| | * |
| | * |
| Defendants. | * |

### SE PROPERTY HOLDING LLC'S MOTION FOR CONTEMPT

COMES NOW SE Property Holdings, LLC ("SEPH"), by and through undersigned counsel, and pursuant to FRCP 45(g), files this Motion for Contempt against Green & Sons, LLC, for failing to respond to a properly issued subpoena, for the following reasons:

1. On September 27, 2013, a money judgment was entered by the United States District Court for the Middle District of Louisiana in favor of SEPH and against Jeff S. Green, Cecile Green, J.S. Lawrence Green, Memory Green,[1] Unified Recovery Group, LLC, International Equipment Distributors, Inc., IED, LLC, Green & Sons II, LLC, and Catahoula Trading Company, LLC, in the principal sum of $23,626,922.31, plus accrued interest, which judgment was registered in this District on March 27, 2014 [Doc.1].

2. On November 12, 2014, this Court entered Charging Orders against judgment debtors Jeff Green and J.S. Lawrence Green's membership interest in "Green & Sons, LLC." [Docs. 135 & 136]. No funds have ever paid to SEPH from Green & Sons LLC pursuant to the Charging Orders.

---

[1] On January 20, 2017, J.S. Lawrence & Memory Green filed a voluntary Chapter 7 Petition pursuant to Title 11 United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Louisiana, being case number 17-0058.

3.      Green & Sons, LLC, is an Alabama LLC formed on December 17, 1997, with the express stated business of holding title to "real property." *See* Articles of Organization, Exhibit A. The tax returns for the business state that it is in the business of "property management" of "real property." *See* 2008-2013 redacted excerpts from federal tax returns of Green & Sons, LLC, Exhibit B.

4.      Since entry of the Charging Order, SEPH has learned that, on August 1, 2015, Green & Sons, LLC, "sold" a parcel of real property that it owned in Baldwin County, Alabama, to "Coastal Commercial, LLC," and then on March 17, 2016, "sold" a second, much larger parcel to "Wolf Creek, LLC." *See* Deeds Exhibit C.

5.      Coastal Commercial, LLC, and Wolf Creek, LLC, are allegedly owned and/or ostensibly controlled by David Green, the son of judgment debtor Jeff Green. David Green is also a long time employee and the in-house counsel for the corporate judgment debtors International Equipment Distributors, Inc., and Unified Recovery Group LLC. *See* Articles of Coastal Commercial, LLC, and Wolf Creek, LLC, Exhibit D; Resume of David Green, submitted to City of Robertsdale on June 30, 2015, Exhibit E.

6.      Upon information and belief, there was no or only nominal consideration exchanged in the first sale to Coastal Commercial LLC, and the consideration in the second sale to Wolf Creek was the result of a loan from a bank, from which net proceeds of approximately $225,000 were then "loaned" by Green & Sons LLC to a family friend of the Greens who resides in Central America, to-wit, Panama City, Panama. *See* 2004 Examination of Jeffrey Stephen Lawrence Green, p. 146, ll. 1.18, Exhibit F.

7.      Given the above, on August 14, 2017, SEPH issued a subpoena to Green & Sons, LLC (*See* Subpoena, Exhibit G), which subpoena was received on August 21, 2017, by the registered agent of Green & Sons, LLC. *See* signed certified mailing, Exhibit H.

8.      Although neither FRCP 45(g) nor Civil L.R. 37 requires that counsel for Plaintiff first attempt to resolve the lack of response to a <u>subpoena</u> by conferring or attempting to confer with Green & Sons or its counsel, on September 27, 2017, undersigned counsel emailed and spoke with Chase Laurendine, Esq., the registered agent who received the subpoena before filing the instant motion in an attempt to amicably resolve the issue. *See* Exhibit I.

9.      No response has been received to date.

## **Memorandum of Law**

The starting point is FRCP 69 which addresses executions on federal judgments. Specifically the Rule states in pertinent part as follows:

(a) In General.

(2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

*See* FRCP 69.

It necessarily follows that a judgment creditor must be given freedom to make broad inquiry to discover hidden or concealed assets of the judgment debtor. *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331 (E.D. Pa. 1974).  District Courts have generally held that discovery may be permitted on a non-party when the relationship between the judgment debtor and the nonparty is sufficient to raise a reasonable doubt about bona fides or transfer of assets. *See, e.g., Strick Corp. v. Thai Teak Products Co., Ltd.*, 493 F. Supp. 1210, 1218 (E.D. Pa. 1980); *Trustees of North Florida Operating Engineers Health and Welfare Fund v. Lane Crane Service,*

*Inc.,* 148 F.R.D. 662, 663 (M.D. Fla. 1993); *Hartmann v. U.S.,* 79 F.R.D. 705 (E.D. Wis. 1978); *Magnaleasing Inc. v. Staten Island Mall*, 76 F.R.D. 559 (S.D. N.Y. 1977).

FRCP 45(g) holds that the remedy for the failure or refusal of a party to respond to a subpoena is a matter of contempt, to-wit:

> (g) CONTEMPT. The court for the district where compliance is required-and also, after a motion is transferred, the issuing court-may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Herein, the information requested is relevant for several purposes. Foremost, is the obvious issue whether the transfer of assets by Green & Sons to Coastal Commercial LLC and Wolf Creek, LLC was a fraudulent transfer. The family and employment relationship between the judgment debtors and principal of Coastal Commercial LLC and Wolf Creek raises a reasonable doubt about the legitimacy of the transfer of the assets. SEPH would submit that the above facts match several of Alabama's Uniform Fraudulent Transfer Act's "badges of fraud" suggesting fraudulent intent in the transfer of assets.[2] Accordingly, the documents sought from Green & Sons LLC go to the issues of the consideration actually paid, the value of the assets, control and possession of the assets transferred by the judgment debtors, and to other issues surrounding the legitimacy of the transactions.

Secondly, the discovery is relevant to determine if there has been a violation of this Court's Charging Orders entered against Green & Sons, LLC.

---

[2] In reviewing § 8-9A-4(a) Ala. Code (1975)'s eleven, non-exclusive badges of fraud, several factors are implicated in this transfer: 1) the transfer was to an insider, 4) before the transfer occurred the debtors had been sued, 5) the transfer was of substantially all of the debtors' assets, and 8) the value received was not reasonably equivalent to the value of the asset transferred.

Finally, the documents are relevant to determine if Coastal Commercial LLC and/or Wolf Creek, LLC, are successor entities to Green & Sons, LLC.[3]

WHEREFORE, for the aforesaid reasons, SE Property Holdings, LLC submits that the Motion for Contempt for failure or refusal to respond to the subpoena issued to Green & Sons should be granted, these premises considered.

Respectfully submitted, this the 4th day of October, 2017.

>    */s/ Gilbert L. Fontenot*
>    Gilbert L. Fontenot, Esq. (FON003)
>    MAPLES & FONTENOT, LLP
>    Attorneys for Plaintiff
>    P.O. Box 1281
>    Mobile, Alabama 36633
>    (251) 445-2083
>    gus@maplesfontenot.com

---

[3] As to a claim for successor liability, Alabama case law creates four exceptions to the general rule that when a corporation acquires the assets, but not the stock of another corporation, it is not obligated for the liabilities of the acquired corporation. *Brown v. Economy Baler Co.,* 599 So.2d 1, 3 (Ala. 1992). For now, with the limited information at hand, the two exceptions at issue are the de facto merger or a fraudulent transaction exception. Proving a "de facto merger" requires an examination of control by the same shareholders in both the acquiring company and the selling company. *Turner v. Wean United, Inc.*, 531 So.2d 827 (Ala. 1988).

## CERTIFICATE OF SERVICE

I, the undersigned Attorney, hereby certify that I have served a copy of the foregoing pleading upon counsel to all parties by the PACER and unrepresented parties by regular US Mail, on this 4th day of October, 2017.

Jeff S. & Cecile Green, Catahoula Trading Company, LLC,
International Equipment Distributors, Inc., Green & Sons II, LLC,
IED, LLC & Unified Recovery Group, LLC
48095 Hwy 16
Franklin, LA 70438

J.S. Lawrence & Memory C. Green
1303 Ted Dunham Ave
Baton Rouge, LA 70802

Chase Laurendine, Esq.
5909 Airport Blvd
Mobile, AL 36608

*/s/ Gilbert L. Fontenot*
GILBERT L. FONTENOT