IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | : | |
| Plaintiff, | : | |
| vs. | : | Misc. No. 14-0008-KD-MU |
| UNIFIED RECOVERY GROUP, LLC, et al., | : | |
| | : | |
| Defendants. | | |

## ORDER

The Court held a hearing in this miscellaneous action today on SE Property Holdings, LLC's ("SEPH's") motion for contempt (*compare* Doc. 191 (motion for contempt) *with* Doc. 197 (order rescheduling hearing for November 16, 2017)). Upon consideration of the motion for contempt, which this Court construes as a motion seeking Green & Sons, LLC's compliance with an underlying subpoena, the undersigned enters this order, in accordance with 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(U), **GRANTING** SEPH's motion for compliance and **ORDERING** Green & Sons, LLC to comply with the subpoena not later than **December 1, 2017.**

SEPH issued a subpoena to Green & Sons, LLC on August 14, 2017, which was received by its registered agent on August 21, 2017 (Doc. 191, Exhibit H), seeking several categories of documents (Doc. 191, Exhibit G). The subpoena instructed Green & Sons, LLC to produce the identified documents to the offices of Maples & Fontenot by not later than August 31, 2017. (*Id.* at 2.) When SEPH received no response or objections to its subpoena, a motion for contempt was filed on October 4, 2017. (Doc.

191.) Because the motion created confusion in the undersigned's mind regarding whether Green & Sons, LLC was a party to this miscellaneous action, by virtue of the Charging Orders against judgment debtors Jeff Green and J.S. Lawrence Green's membership interests in Green & Sons, LLC (*see* Doc. 195, at 3), or a non-party (*see id.*), the undersigned set this matter down for a hearing (*id.* at 5).

During the hearing, counsel for SEPH established to the undersigned's satisfaction that Green & Sons, LLC is a non-party to this action, *cf. Vision Marketing Resources, Inc. v. McMillin Group, LLC,* 2015 WL 4390071, *3-5 (D. Kan. Jul. 15, 2015) (in concluding that it had jurisdiction to issue a charging order against the LLC member interest of a judgment debtor, the court concluded that it did not have to have jurisdiction over the foreign LLC entity itself and at all times referred to that foreign LLC entity as a non-party); therefore, SEPH properly subpoenaed documents from non-party Green & Sons, LLC in accordance with Rule 45 of the Federal Rules of Civil Procedure in aid of execution of the judgment.[1] *Compare, e.g., Bel Trading & Consulting, Ltd. v. KNM Worldwide Services, LLC,* 2014 WL 3865952, *2 (S.D. Fla. Aug. 6, 2014) ("'Under [Rule 69(a)], discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules . . . all the discovery devices of

---

[1] It is clear that "[p]ursuant to Federal Rule of Civil Procedure 69, the Judgment Creditor is entitled to discovery in aid of execution[.]" *Pronman v. Styles,* 2016 WL 4613384, *3 *S.D. Fla. Aug. 19, 2016); *see also* Fed.R.Civ.P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules . . . ."). "While Judgment Creditor is entitled to conduct discovery in aid of execution, such discovery must seek information that is relevant to executing the judgment against Judgment Debtors." *Pronman, supra,* at *3 (citations omitted).

the Rules may be used as in the progress of the action.'") with *Tara Productions, Inc. v. Hollywood Gadgets, Inc.,* 2014 WL 1047411, * 3 (S.D. Fla. Mar. 18, 2014) ("Rule 45 is the method to obtain documents [] from a non-party."). However, as stated during the hearing, instead of granting Plaintiff's motion for contempt (Doc. 191), the Court simply construes SEPH's motion for contempt as a motion seeking compliance with the subpoena, *see Patel v. Bhakta,* 2015 WL 12159208, *4 (N.D. Ga. Apr. 29, 2015) (recognizing that Rule 45(g) provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it[,]" but that "'it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . . Disobedience of such an order may be treated as contempt.'" (quoting Fed.R.Civ.P. 45 Advisory Committee's Note to 2013 Amendment (other citation omitted))), and **GRANTS** the motion by **ORDERING** Green & Sons, LLC to comply with the subpoena—that is, it must supply to SEPH all documents Plaintiff has subpoenaed—not later than **December 1, 2017**. *See Frenkel v. Acunto,* 2014 WL 4680738, *5 (S.D. Fla. Sept. 19, 2014) ("'The scope of post-judgment discovery is broad[;] the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.' . . . Additionally, '[p]ost-judgment discovery can be used to gain information relating to the existence or transfer of the judgment debtor's assets.'").

    **DONE** and **ORDERED** this the 16th day of November, 2017.

                      s/P. BRADLEY MURRAY
                        **UNITED STATES MAGISTRATE JUDGE**