# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | : | |
| Plaintiff, | : | |
| vs. | : | Misc. No. 14-0008-KD-MU |
| UNIFIED RECOVERY GROUP, LLC, et al., | : | |
| | : | |
| Defendants. | | |

## ORDER

After due and proper consideration of the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), and dated January 4, 2018 (doc. 207), is ADOPTED as the opinion of this Court, with modification as noted.[1] Accordingly, the Court will address Plaintiff SE Property Holdings LLC's request for $3,431.98 as attorney's fees and costs for work performed in relation to the contempt proceedings and the Magistrate Judge's recommendation of a coercive daily fine.

A. <u>Attorney's fees and costs</u>

The Magistrate Judge recommended that the Court order "Green & Sons, LLC to pay SPEH's attorney's fees and costs incurred after November 16/17, 2017, when the undersigned unequivocally ordered Green & Sons, LLC to comply with the subpoena served upon its registered agent on August 21, 2017" (doc. 207, p. 9). The Magistrate Judge instructed SEPH to file a fee petition and an affidavit in support. SEPH has now filed an affidavit of counsel along with counsel's time sheets in support of its request (doc. 207, p. 9, doc. 213). Therefore, the Court must first determine whether SEPH's attorney's fees in this contempt proceeding "are limited to those

---

[1] The first full sentence on page nine is modified to replace "unnecessary" with "necessary".

reasonably and necessarily incurred in the attempt to enforce compliance." *Abbott Laboratories v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000) (citing *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 458 (11th Cir.1984)); *In re Ocean Warrior, Inc.,* 835 F. 3d 1310, 1318 (11th Cir. 2016) (same).

As an initial consideration, SEPH submitted time sheets showing entries for work performed and time expended by its counsel from September 27, 2017 through January 29, 2018. However, the Magistrate Judge recommended an award for the work performed and time expended after November 17, 2017, and this Court has adopted that recommendation. Thus, the Court will consider the entries from December 12, 2017 through January 29, 2018, which are the only time entries after November 17, 2017.

During that time period, the entries show that SEPH's counsel reviewed the Magistrate Judge's orders and Report and Recommendation, conferred twice regarding service upon Green & Sons, LLC, reviewed motions that had been filed, attended the hearing on sanctions, researched case law on contempt and daily fines, reviewed the Federal Rules and local rules on fines, prepared a supplemental memorandum on sanctions with exhibits, and prepared the affidavit in support of the attorney's fees and costs. These attorney's fees were necessarily incurred in the attempt to enforce compliance. *Abbott Laboratories*, 218 F.3d at 1242.

With respect to the reasonableness of the attorney's fees incurred, the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (internal quotation marks omitted)). "This number is called the lodestar and 'there is a "strong presumption" that the lodestar is the reasonable sum the attorneys deserve.'" *Id.* "In determining whether the lodestar is reasonable, 'the [district] court is to consider the 12 factors enumerated in

2

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).'" *Id*. After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee[.]" *Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

The twelve *Johnson* factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Ballantine v. BancorpSouth Bank,* 2018 WL 348008, at *4 (N.D. Ala. Jan. 10, 2018) (slip copy) (citing *Johnson*, 488 F.2d at 717-19). "Many of the *Johnson* factors 'are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Ballantine,* 2018 WL 348008, at *4 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983)).

In this circuit, a "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Danubis Grp., LLC v. Landmark Am. Ins. Co.*, 685 Fed. Appx. 792, 803 (11th Cir. 2017) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Counsel for SEPH did not provide the Court with any information as to the prevailing market rate. Instead, SEPH's counsel asserts that his regular hourly rate for commercial collection matters is $200.00. However, the Court is aware that counsel has been practicing since 1992[2] and in this Court, primarily practices in the area of commercial debt collection and business litigation.

Based on the straightforward aspect of this contempt proceeding, which did not present any

---

[2] Attorney profile for Gilbert L. Fontenot. www.maplesfontenot.com

novel or difficult questions, the experience or ability required to prepare and present a motion for sanctions, and based upon its own experience with respect to the customary fee in this legal community, the Court finds $200.00 per hour is a reasonable hourly rate for an attorney practicing in the Mobile, Alabama area in commercial debt collection with approximately 26 years of experience. *See Loranger v. Stierheim,* 10 F. 3d 776, 781 (11th Cir. 1994) ("A court, however, 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (citing *Norman*, 836 F. 2d at 1302); *see Lifeline Pharmaceuticals, LLC v. Hemophilia Infusion Managers, LLC,* 2012 WL 2600181, at *3 (S.D. Ala. July 5, 2012) (utilizing a rate of $275.00 per hour for three partners with 12 years, 20 years, and 30 years of experience, respectively, in commercial litigation).

With respect to hours of work reasonably expended, SEPH's counsel reviewed the Magistrate Judge's orders and Report and Recommendation, conferred twice regarding service upon Green & Sons, LLC, reviewed motions that had been filed, attended the hearing on sanctions, researched case law on contempt and daily fines, reviewed the Federal Rules and local rules on fines, prepared a supplemental memorandum on sanctions with exhibits, and prepared the affidavit in support of the attorney's fees and costs. Counsel expended a total of 13.40 hours during the relevant time period from December 12, 2017 through January 29, 2018. The Court finds that the work performed and the time expended is reasonable in consideration of the procedural and legal posture of this civil contempt matter.

Multiplying the hours reasonably expended by the reasonable hourly rate yields a lodestar of $2,680.00. The Court finds that no adjustment is necessary. The lodestar adequately reflects the time and labor involved, the novelty or difficulty of the matter before the Court, the requisite skill, experience and ability of counsel, and the result obtained. Accordingly, the reasonable attorney's

fee is set at $2,680.00. *See Johnson v. TMI Management Systems, Inc.*, 2012 WL 4435304, *6 (S.D. Ala., Sept. 26, 2012) (finding that no modification of the lodestar was necessary after consideration of the relevant *Johnson* factors).

As to costs, SEPH incurred $211.98 in expenses during the relevant time period. A total of $205.00 was paid to a process server to serve the LLC on two occasions and $6.98 was paid for certified mail to serve the Report and Recommendation on the LLC's designated agent (doc. 213-1, p. 4). "In awarding costs as a sanction for contempt, the district court is not bound by [28 U.S.C.] § 1920's list of costs that may be taxed pursuant to a final judgment. Instead, the district court, in its discretion, may exercise its 'wide power ... to impose fines for disobedience to its orders.'" *Tom James Co. v. Morgan*, 141 Fed. Appx. 894, 900 (11th Cir. 2005) quoting *Sheila's Shine Products, Inc. v. Sheila Shine, Inc.,* 486 F.2d 114, 130-31 (5th Cir. 1973)).[3] In the exercise of its discretion, the Court finds that $211.98 is a reasonable sanction to impose for Green and Sons, LLC's contempt.

B. Coercive daily fine

The Court adopts the Magistrate Judge's recommendation that the Court order Green & Sons, LLC to pay a coercive daily fine into the registry of this Court, for a period of sixty (60) days following entry of this final order or until Green & Sons, LLC purges itself of contempt by providing SEPH with the subpoenaed documents. The Magistrate Judge recommends a daily fine of not less than $1,000.00 but not more than $3,750.00 per day.

When a fine is coercive as opposed to compensatory, the fine is paid to the Court's registry and not to the complainant. *In re Chase & Sanborn Corp.,* 872 F. 2d 397, 400-4001 (11th Cir. 1989). In this circumstance, the Court "must consider the character and magnitude of the harm

---

[3] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit entered before October 1, 1981.

5

threatened by the continued contumacy, and the probable effectiveness of any suggested sanction bringing about the result desired." *Id.* Balancing these considerations, the Court finds that a coercive daily fine of $1,000.00, is sufficient to deter the harm of Green & Sons, LLC's continued contumacy and to bring about compliance with the subpoena.

    C. <u>Conclusion</u>

    Accordingly, it is **ORDERED that**

    (1) SEPH's motion for contempt is **GRANTED**;

    (2) Green & Sons, LLC are held in civil contempt of court;

    (3) Green & Sons, LLC is **ORDERED** to pay into the registry of this Court a coercive fine of $1,000.00 per day for sixty (60) days following today's date, or until Green & Sons, LLC has produced the documents requested in SEPH's subpoena duces tecum;

    (4) SEPH is **ORDERED** to immediately notify the Court if Green & Sons, LLC produce the documents; and

    (5) Green & Sons, LLC shall pay SEPH's attorney's fees and costs incurred after November 17, 2017, in the total amount of $2,891.98.

    **DONE** this the 26th day of February 2018.

                                               s / Kristi K. DuBose
                                               KRISTI K. DuBOSE
                                               CHIEF UNITED STATES DISTRICT JUDGE