# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | : | |
| Plaintiff, | : | |
| vs. | : | Misc. No. 14-0008-KD-MU |
| UNIFIED RECOVERY GROUP, LLC, et al., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This cause is before the undersigned for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(U), on Plaintiff SE Property Holdings, LLC's ("SEPH"'s) third motion for contempt sanctions (Doc. 250). On December 17, 2019, Chief United States District Judge Kristi K. DuBose ordered Jeff S. Green to show cause why contempt sanctions should not be entered against him. (Doc. 259). Jeff Green filed no response to that order. (*See* Docket Sheet). Because the facts relevant to the pending motion are not in dispute, a show cause hearing is not necessary. *See Martinez-Garcia v. Perez,* 2013 WL 5606366, *1 (S.D. Ga. Oct. 11, 2013) (recognizing that while "due process requires adequate notice and a fair opportunity to be heard before a civil contempt citation issues[,]" a hearing is not required prior to a finding of civil contempt "where there are no disputed factual matters that require an evidentiary hearing.").

## BRIEF PROCEDURAL HISTORY

This miscellaneous action was opened in this Court on March 27, 2014 when

SEPH registered the September 27, 2013 money judgment entered by the United States District Court for the Middle District of Louisiana in its favor and against Unified Recovery Group, LLC, IED, LLC, International Equipment Distributors, Inc., Green & Sons II, LLC, Catahoula Trading Company, LLC, Jeff S. Green, Cecile Green, J.S. Lawrence Green, and Memory Green. (Doc. 1). On November 12, 2014, this Court granted SEPH's applications for charging orders against judgment debtors Jeff Green and J.S. Lawrence Green's membership interests in several Alabama limited liability companies, including Green & Sons, LLC, as well as their interests in several Louisiana limited liability companies. (*See* Docs. 133-134). These charging orders became effective on November 26, 2014. (*See id.*).

SEPH issued a subpoena to Green & Sons, LLC on August 14, 2017, which was received by its registered agent on August 21, 2017 (Doc. 191, Exhibit H), seeking several categories of documents (Doc. 191, Exhibit G). The subpoena instructed Green & Sons, LLC to produce the identified documents to the offices of Maples & Fontenot by not later than August 31, 2017. (*Id.* at 2). When SEPH received no response or objections to its subpoena (*see* Doc. 191), Plaintiff engaged in motion practice which culminated in this Court ordering Green & Sons, LLC to comply with the subpoena (*see* Doc. 199). And when non-party Green & Sons, LLC still did not comply with the subpoena, as lawfully ordered by this Court, SEPH filed its motion for contempt on December 4, 2017 (Doc. 201). Following a show cause hearing on December 21, 2017, at which Green & Sons, LLC did not appear (*see* Doc. 204), the undersigned recommended that the non-party be held in civil contempt of court, ordered to pay a

coercive daily fine until it purged itself of the contempt, and ordered to pay SEPH its costs and attorney's fees incurred in connection with this matter. (*See* Doc. 207).

By Order entered on February 26, 2018, the Court adopted the undersigned's report and recommendation and addressed the amount of costs and attorney's fees to be awarded SEPH. (*See* Doc. 214). The Court ordered, in relevant measure, that: (1) SEPH's motion for contempt be granted; (2) Green & Sons, LLC be held in civil contempt of court; (3) Green & Sons, LLC be ordered to pay into the registry of this Court a coercive fine of $1,000.00 per day for 60 days or until the non-party had purged itself of contempt by producing the subpoenaed documents; and (4) Green & Sons, LLC, pay SEPH's costs and attorney's fees incurred after November 17, 2017, in the total amount of $2,891.98. (Doc. 214, at 6; *see also* 215 (judgment)). The Court's contempt order was served on Green & Sons, LLC's registered agent on February 27, 2018. (*See* Doc. 219).

On March 1, 2018, SEPH filed notice of the post-judgment deposition of Jeff Green. (*See* Doc. 218). Judgment debtor Jeff Green, a member of Green & Sons, LLC (*see* Doc. 250, Exhibit C (registration of Green & Sons, LLC with the Alabama Secretary of State reflects the members of the limited liability corporation are Jeff Green and J.S. Lawrence Green[1])), was deposed on May 30, 2018 (Doc. 250, Exhibit B). Jeff Green testified that he was unaware of the subpoena issued to Green & Sons, LLC or the

---

[1] Judgment debtor Lawrence Green testified during the course of his Chapter 7 bankruptcy proceeding that he was aware of SEPH's first motion to hold Green & Sons, LLC in contempt of court arising from the failure of the non-party to respond to SEPH's subpoena for documents. (*See* Doc. 250, Exhibit A, Testimony of Jeffery Stephen Lawrence Green, at 70).

Court's February 26, 2018 contempt order prior to his deposition and receipt of copies of those documents. (Doc. 250, Exhibit B, Deposition of Jeff Green, at 169-70). The witness asked SEPH 's attorney what SEPH wanted to "keep from being in contempt" (*id.* at 169) and was shown the subpoena listing the requested documents (*id.* at 170). Jeff Green agreed to follow-up personally on the list of documents SEPH subpoenaed from Green & Sons, LLC. (*Id.*).

Jeff Green did not follow-up on the subpoena because SEPH filed a motion requesting that additional sanctions be entered against Green & Sons, LLC due to the corporation's continuing failure or refusal to respond to SEPH's subpoena and the Court's order to respond to the subpoena. (*See* Doc. 223). By Order entered on December 27, 2018, the Court, in granting SEPH's motion for additional sanctions, noted that Green & Sons, LLC continued to be in civil contempt of court and ordered it to pay into the registry of the Court $3,750.00 a day for 60 days or until it produced the documents listed in SEPH's subpoena duces tecum. (Doc. 229).[2] On January 9, 2019, SEPH served a copy of the Court's Order, by certified mail, on Green & Sons, LLC's registered agent. (*Compare* Doc. 230 *with* Doc. 250, Exhibit C (reflecting Green & Sons, LLC's registered agent with the State of Alabama is Chase Laurendine)).

On August 23, 2019, SEPH filed its third motion for sanctions. (Doc. 250). This motion is directed to Jeff Green, one of two members of Green & Sons, LLC, based upon Green & Sons, LLC's continuing failure or refusal to respond to the subpoena and

---

[2] SEPH's request for additional attorney's fees and costs was denied, however, due to the movant's failure to provide time sheets in support of that request. (*Id.* at 2).

the Court's previous orders to respond to the subpoena. (*See* Doc. 250). SEPH requests that this Court hold Jeff Green, as a member of Green & Sons, LLC, in civil contempt of court, order that Green pay a daily fine of $3,750.00 for 60 days or until Green & Sons, LLC complies with the subpoena, and order Green to pay SEPH's costs and attorney's fees. (*See id.* at 9).

The Court ordered Jeff Green, as managing member of non-party Green & Sons LLC, to respond to SEPH's motions for sanctions and show cause (by January 7, 2020) why sanctions should not be entered. (Doc. 259). The Court further directed that a copy of its Order be sent by certified mail to Jeff Green at his Franklin, Louisiana address and to Green & Sons, LLC in care of its registered agent, Chase Laurendine, at his Mobile, Alabama address. (*Id.*) The docket sheet reflects that Green & Sons, LLC was served prior to December 26, 2019 (*see* Doc. 262) and that Jeff Green was served on or about December 31, 2019 (*see* Doc. 263). Jeff Green has not responded to the Court's Order. (*See* Docket Sheet).

## **DISCUSSION**

This Court has previously held Green & Sons, LLC in civil contempt of court and has levied both compensatory (SEPH's attorney's fees and costs) and coercive (a daily fine paid into the registry of the court) sanctions against the non-party. (*Compare* Docs. 214-15 *with* Doc. 229). This action was not taken lightly. Indeed, the Court entered its first contempt order only after the non-party ignored SEPH's subpoena for documents served on its registered agent, ignored this Court's order instructing the non-party to comply with the subpoena, and failed to appear for a show cause hearing before the

5

undersigned. (*Compare* Doc. 214 *with* Doc. 207). Despite the first contempt order and the May 30, 2018 promise of Jeff Green, the managing member of Green & Sons, LLC, to address the subpoena, Green & Sons, LLC continued to ignore its obligation to produce the subpoenaed documents to SEPH. This prompted another motion for sanctions directed to Green & Sons, LLC, which was granted by the Court. (Doc. 229). In addition, because these additional sanctions failed to move the needle with Green & Sons, LLC, SEPH filed this its third motion for sanctions. (Doc. 250). This motion, of course, seeks the imposition of sanctions against Jeff Green based upon his corporate authority and his failure to follow-up on (and address SEPH's subpoena) as he promised in his deposition. (*See id.*).

The undersigned initially reiterates that no hearing is required prior to a finding of civil contempt because there are no disputed factual matters, *Martinez-Garcia, supra,* at *1, citing *Mercer v. Mitchell,* 908 F.2d 763, 769 n.11 (11th Cir. 1990), and this Court heard nothing from Jeff Green after it ordered him to show cause why SEPH's motion for sanctions should not be granted (*compare* Doc. 259 *with* Docket Sheet). "What is required, however, is clear and convincing evidence to show that a contempt sanction is warranted." *Id.,* citing *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1296 (11th Cir. 2002) (other citation omitted). In other words, "[a] party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order." *Diversified Lenders, LLC v. Amazon Logistics, Inc.,* 2017 WL 10350672, * 2 (M.D. Fla. Dec. 4, 2017). "A finding of civil contempt must be supported by clear and convincing evidence that 'the allegedly violated order was valid and lawful;

6

. . . the order was clear and unambiguous; and the . . . alleged violator had the ability to comply with the order.'" *Federal Trade Comm'n v. Leshin,* 618 F.3d 1221, 1232 (11th Cir. 2010), quoting *Riccard, supra,* 307 F.3d at 1296. Once this prima facie showing of a violation is made, "the burden shifts to the alleged contemnor to produce detailed evidence explaining why he cannot comply, which requires more than a mere assertion of inability to comply. The alleged contemnor must show that he has, in good faith, made all reasonable efforts to comply with the court's order." *Gomez v. Mylooks, Inc.,* 2014 WL 11706434, *2 (S.D. Fla. Jun. 25, 2014) (citations omitted), *report & recommendation adopted,* 2014 WL 11721414 (S.D. Fla. Jul. 28, 2014).

In this case, Plaintiff now asks this Court to hold Jeff Green, the managing member of Green & Sons, LLC, the very entity this Court has previously held in civil contempt of court for failing to comply with SEPH's subpoena and the Court's previous orders, in civil contempt as well. SEPH bases this request on Jeff Green's position as managing member of Green & Sons, LLC and his sworn testimony that he would follow-up on the subpoena for documents served on Green & Sons, LLC. Upon consideration of the failure of a corporate officer to produce documents in response to a subpoena issued to a corporation, the Supreme Court over one hundred years ago stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt . . . . As the corporation can only act through its agents, the courts will operate upon the agents through the corporation. When a copy of the writ which has been ordered is served upon the clerk of the board, it will be served on the corporation, and be equivalent to a command that the persons who may be members of the

7

> board shall do what is required. If the members fail to obey, those guilty of disobedience may, if necessary, be punished for contempt. Although the command is in form to the board, it may be enforced against those through whom alone it can be obeyed.

*Wilson v. United States,* 221 U.S. 361, 376-77, 31 S.Ct. 538, 543, 55 L.Ed. 771 (1911) (internal quotation marks and citation omitted).

Public records supplied by SEPH establish that Jeff Green is a member of Green & Sons, LLC. Moreover, Jeff Green gave sworn testimony on May 30, 2018, that he would follow-up on SEPH's subpoena for documents issued to Green & Sons, LLC, after effectively questioning Plaintiff's counsel about what he could do to address the contempt order. It is clear from this evidence that Jeff Green can act on behalf of Green & Sons, LLC, as the managing member of the corporation, and maintains the authority to comply or prevent compliance with the subpoena issued by SEPH and the orders issued by this Court. Accordingly, the Magistrate Judge recommends that this Court find that Jeff Green failed to take appropriate action within his power for performance of the corporate duty and thus is guilty of disobedience for which he may be punished by contempt. *Wilson, supra,* 121 U.S. at 376-77, 31 S.Ct. at 543; *see also Diversified Lenders, LLC, supra,* at *3. Green & Sons, LLC, has been held in contempt and, given Jeff Green's additional non-compliance with the subpoena and the Court's orders, he too should be held in contempt.

As set forth above and in previous orders issued by this Court, clear and convincing evidence establishes that this Court's Orders directed to Green & Sons, LLC to comply with SEPH's subpoena and then holding the non-party in contempt were valid, lawful, and unambiguous. Moreover, clear and convincing evidence establishes

8

that once Jeff Green, the managing member of Green & Sons. LLC, was apprised of the subpoena and the initial contempt order issued against the non-party (during his May 30, 2018 deposition), he asked what could be done to address the contempt order. And, upon being shown the subpoena for documents to Green & Sons, LLC, Jeff Green promised to follow-up on that subpoena. Thus, it is clear that Jeff Green, in his capacity as managing member of Green & Sons, LLC, could have complied with all of the Court's previous orders—most specifically the order instructing Green & Sons, LLC to comply with SEPH's subpoena for documents—simply by producing the outstanding discovery or otherwise show cause why he could not comply in response to the Court's December 17, 2019 order. Jeff Green did not comply with the orders or subpoena nor did he attempt to show cause (in writing) the basis for his non-compliance with the subpoena. Accordingly, the undersigned now **RECOMMENDS** that Jeff Green be held in **CIVIL CONTEMPT OF COURT** until such time as he, as the managing member of Green & Sons, LLC, complies with the Court's orders by providing the discovery requested by subpoena.

This Court has broad discretion in fashioning sanctions, "measured solely by the 'requirements of full remedial relief.'" *United States v. City of Miami,* 195 F.3d 1292, 1298 (11th Cir. 1999) (quoting *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1304 (11th Cir. 1991), *cert. denied sub nom. Fraternal Order of Police v. United States,* 531 U.S. 815, 121 S.Ct. 52, 148 L.Ed.2d 20 (2000).

> Civil contempt sanctions may be imposed for either or both of two distinct purposes, to coerce compliance with a court order, and to compensate the complainant for actual losses sustained by him as the result of the defendants' contumacy. If the fine is compensatory, it is payable to the

> complainant and must be based on proof of the complainant's actual loss. If the fine is coercive it is paid into the court registry, not to the complainant. In this instance the court must consider the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction bringing about the result desired.

*In re Chase & Sanborn Corp.,* 872 F.2d 397, 400-01 (11th Cir. 1989) (internal citations and quotation marks omitted); *see also Federal Trade Comm'n v. Leshin,* 719 F.3d 1227, 1231 (11th Cir. 2013) ("'[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.' A coercive contempt sanction comes with some limitations; for instance, once a contemnor's contumacious conduct has ceased or the contempt has been purged, no further sanctions are permissible." (citations omitted)), *cert. denied,* 571 U.S. 1126, 134 S.Ct. 901, 187 L.Ed.2d 776 (2014). The range of sanctions include "a coercive daily fine, a compensatory fine, attorney's fees and expenses to the [movant/complainant], and coercive incarceration." *Citronelle-Mobile Gathering, Inc., supra,* 943 F.2d at 1304 (citations omitted).

In this case, the undersigned agrees with SEPH that a hybrid sanction—both compensatory (attorney's fees and costs) and coercive (a daily fine paid into the registry of the court)—is both necessary and appropriate. First, the undersigned recommends that the Court award to SEPH all attorney's fees and costs it has incurred unnecessarily in relation to Jeff Green's failure to produce the documents requested in SEPH's subpoena. More specifically, the undersigned recommends that the Court order Jeff Green to pay SEPH's attorney's fees and costs in filing the present motion for

sanctions. To aid the Court in a proper calculation of attorney's fees and costs to be awarded, SEPH is instructed to file an affidavit of counsel and time sheets within seven (7) days of service of this report and recommendation.[3]

In addition to an award of costs and attorney's fees to SEPH, this case also warrants imposition of a coercive daily fine. Jeff Green became aware (on May 30, 2018) of the subpoena served on Green & Sons, LLC and the contents of the Court's first contempt order against the non-party, inclusive of this Court's November 17, 2017 order that Green & Sons, LLC comply with SEPH's subpoena for documents. However, despite acknowledging that he had the authority to follow-up on the subpoena and address the initial contempt order as the managing member of Green & Sons, LLC, Jeff Green has failed to follow-up on SEPH's subpoena and ensure the production of those documents. In addition, he has failed to acknowledge the Court's December 17, 2019 Show Cause Order. Thus, Jeff Green has failed to follow through on his deposition promise to ensure that Green & Sons, LLC produces documents responsive to SEPH's subpoena which are relevant to SEPH's attempts to execute the judgment against judgment debtors Unified Recovery Group, LLC, IED, LLC, International Equipment Distributors, Inc., Green & Sons II, LLC, Catahoula Trading Company, LLC, Jeff S. Green, Cecile Green, J.S. Lawrence Green, and Memory Green, even though charging orders against judgment debtors Jeff Green and J.S. Lawrence Green's membership

---

[3] Jeff Green will have seven (7) days after SEPH's attorney files his fee petition (and affidavit), that is, fourteen (14) days after entry and service of this report and recommendation, to file any objections to the petition and affidavit. These submissions will enable the Court to enter a final ruling on SEPH's request that it be awarded costs and attorney's fees it has been forced to unnecessarily expend in filing this its third motion for sanctions.

interests in Green & Sons, LLC became effective on November 26, 2014. And without access to the subpoenaed documents, neither SEPH nor this Court, for instance, can determine whether Green & Sons, LLC is in violation of the charging orders, a definitive harm to both SEPH and this Court's authority. However, it is the undersigned's belief that a coercive daily fine, for a specific period of time, will likely bring about Jeff Green's compliance with this Court's orders that Green & Sons, LLC provide SEPH with the subpoenaed documents because it is through Jeff Green that the subpoena (and the orders of this Court) can be obeyed. Accordingly, the undersigned recommends that the Court order Jeff Green to pay a coercive daily fine of $1,000 into the registry of this Court,[4] for a period of sixty (60) days following entry of this Court's final sanctions Order or until Jeff Green, as the managing member of Green & Sons, LLC, purges himself of contempt by ensuring that SEPH is provided the subpoenaed documents.

## **CONCLUSION**

Jeff Green, as managing member of Green & Sons, LLC, retains the authority to comply with the subpoena issued to Green & Sons, LLC for production of documents and, as well, to comply with this Court's orders. However, in light of his steadfast failure, since May 30, 2018, to follow-up on the subpoena and ensure Green & Sons, LLC is not in contempt of court or, alternatively, show cause why he should not be sanctioned, it is **RECOMMENDED** that: (1) SEPH's third motion for contempt sanctions (Doc. 250) be

---

[4] SEPH requests that the daily fine total $3,750. (Doc. 250, at 9). The undersigned, however, cannot agree with SEPH's reasoning that since coercive fines against Green & Sons, LLC have been ineffective, only a daily fine of $3,750 will ensure Green's compliance with the subpoena and the Court's orders.

**GRANTED**; (2) Jeff Green be held in civil contempt of court for his flagrant disregard and disrespect of the authority of this Court; (3) Jeff Green be allowed to purge himself of the contempt by ensuring the production of the documents requested in SEPH's subpoena dues tecum within fourteen (14) days of the date of service of this Report and Recommendation, as it is through him, as managing member of Green & Sons, LLC, that the subpoena (and the orders of this Court) can be obeyed; (4) failing to purge the contempt by that deadline, Jeff Green be ordered to pay into the registry of this Court a coercive fine of $1,000 per day for sixty (60) days following entry of the Court's final contempt order, or until Jeff Green ensures production of the documents requested in SEPH's subpoena duces tecum and as ordered by this Court on at least three occasions; and (5) Jeff Green be ordered to pay SEPH's attorney's fees and costs incurred in filing its third motion for sanctions.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the

time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this the 29th day of May, 2020.

                                         s/P. Bradley Murray
                                         **UNITED STATES MAGISTRATE JUDGE**